LEVY v. SHELLSEY et al.

(Supreme Court, Appellate Term. March 9, 1900.)

INTEREST—CONTRACT FOR LEGAL RATE—CONSTRUCTION—LANDLORD AND TENANT.

Where, by the terms of a lease, the tenant is required to deposit a sum of money with the lessor as security, upon which it is provided he shall receive interest at the "legal rate," payable annually, the tenant is entitled to interest on his deposit at the rate of 6 per cent. per annum.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Abraham Levy against Louis Shellsey and others for possession of leased land. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Louis Steckler, for appellants.

C. L. Cohn, for respondent.

PER CURIAM. This is an appeal from an order directing a precept to issue dispossessing the defendants from certain premises held under a lease from plaintiff. The lease was dated December 6, 1898, for a period of 5 years and 1 month, at the rate of $4,700 per annum, payable in equal monthly payments in advance, on the 1st of each month, making each monthly installment $391.67. It was provided in the lease that the tenant should deposit the sum of $1,100 with the landlord as security, upon which the tenant was to receive "interest at the legal rate, to be paid annually by the parties of the first part, on the amount of security." It was stipulated at the trial that the tenant deposited $800 with the landlord under this agreement, and there is no evidence that any greater sum than this was ever deposited. The tenant testified something about the deposit of an additional sum of $75, but on motion of the landlord's counsel, without objection or exception on the part of counsel representing the tenant, this evidence was stricken out, leaving on the record no evidence of any deposit beyond the $800. On the trial both parties called witnesses to testify what was said by the parties at the time of making the lease as to their meaning and intention as to the rate of interest to be paid. This evidence was permitted to be introduced without objection or exception by either counsel, and the learned justice decided that what was meant by "legal interest" was 5 per cent. Notwithstanding the absence of objection and exception, we feel impelled to reverse his finding on this point; for, even if the incompetent evidence is considered, the weight of the whole evidence is so overwhelmingly in favor of the tenant's contention that when the parties agreed to "legal interest" they meant legal interest—that is, 6 per cent. per annum—that it is evident that substantial justice was not done in the court below.

The order appealed from must be reversed, and a new trial ordered, with costs to the appellants to abide the event.